**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO. 1:15-CV-00020-GNS-LLK**

KRISTY SHIRLEY                                                                                    **PLAINTIFF**

**v.**

CAROLYN COLVIN, Commissioner of Social Security                          **DEFENDANT**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner denying her claim for Social Security disability benefits pursuant to 42 U.S.C. § 405(g).  The Court referred this matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.

The fact and law summaries of the Plaintiff and the Defendant are at Docket Numbers 15 and 16.  This matter is ripe for determination.

For the reasons below, the Magistrate Judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that Plaintiff's complaint be DISMISSED.

### The Prior Decision

This is the second final decision of the Commissioner in this case as the prior one was remanded by this Court for further administrative proceedings.  See prior Report and Recommendation and Memorandum Opinion at AR, pp. 728-742.  Civil Action No. 1:13-CV-00058-TBR-LLK, Docket Numbers 17 and 19.

In the prior decision, the ALJ found that Plaintiff retains the ability to perform her past relevant work, denying her disability claim at the fourth step of the sequential evaluation process.  The Court remanded, in part, for clarification of an inconsistency or perceived tension between the ALJ's finding that Plaintiff requires a sit/stand option every 35 minutes to hour and the vocational expert's (VE's) testimony that, at the 35-minute end of the range, Plaintiff's past relevant work may be eliminated.

1

Upon remand, the ALJ issued the decision presently before the Court.  The ALJ advanced the evaluation process to the fifth and final step, finding that, although she can no longer perform her past relevant work, Plaintiff retains the ability to perform a significant number of other jobs in the national economy.  AR, p. 633.  This finding was predicated upon a vocational hypothetical contemplating the same need to change position every 35 minutes to hourly.  AR, pp. 629 and 699.

The errors of the prior proceeding are inapplicable in the present case because there is no logical inconsistency between the second VE's testimony that there are jobs in the national economy that allow for a position change every 35 minutes to hour and the first VE's indication that Plaintiff's past relevant work may not be among those jobs.

## Discussion

Plaintiff's sole contention upon judicial review focuses upon the ALJ's finding that her post-surgical lumbosacral spine condition requires a sit/stand option allowing her to get up and move about the work station "from 35 minutes to hourly."  AR, p. 629.  Plaintiff argues that this finding is unsupported by substantial evidence because the only medical opinion addressing the frequency of needed postural change was open-ended.  Medical expert Kenneth Cloninger, M.D., who testified at the first administrative hearing, stated that Plaintiff needs to exercise a sit/stand option as "needed ... [every] little bit ... from time to time."  AR, p. 44.  When pressed, Dr. Cloninger admitted that he was unable to say, based solely on the medical records, how long Plaintiff can "sit, stand, or walk at one time."  Id.

Plaintiff's argument is unpersuasive because it assumes that an ALJ's determination of a claimant's residual functional capacity (RFC) is a purely medical one, or one which, where there is a relevant medical opinion, must strictly follow from or reflect that opinion.  Such an assumption is not only unwarranted but, if accepted, would constitute an abdication of the Commissioner's responsibility to determine RFC based upon the totality of the evidence:

2

> [T]he ALJ is charged with the responsibility of determining the RFC based on [his] evaluation of the medical and non-medical evidence.  As the Commissioner points out, the Commissioner has final responsibility for deciding an individual's RFC, SSR 96–5p, 1996 WL 374183 (July 2, 1996), and to require the ALJ to base [his] RFC finding on a physician's opinion, "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled."  Id.

*Rudd v. Commissioner*, 531 Fed.Appx. 719, 728 (6th Cir.2013).

The ALJ did not err in finding an RFC that was consistent with, but not strictly dictated by, Dr. Cloninger's testimony.  While the medical evidence is consistent with Plaintiff's allegation of needing to change position more frequently than every 35 minutes, it does not dictate such a finding.  "The substantial-evidence standard presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir.2009).

The ALJ acted within his province as finder of fact in determining Plaintiff's RFC based upon the totality of the evidence, including Dr. Cloninger's testimony, Plaintiff's daily activities, and, perhaps most significantly, the ALJ's own pain-credibility assessment.  A reviewing court will not disturb an ALJ's credibility assessment "absent compelling reason."  *Smith v. Commissioner*, 307 F.3d 377, 379 (6th Cir.2001).

## **RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that Plaintiff's complaint be DISMISSED.

**<u>NOTICE</u>**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984).