UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00020-GNS-LLK

KRISTY SHIRLEY                                                    PLAINTIFF

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Lanny King issued his Findings of Fact, Conclusions of Law, and Recommendations denying Kristy Shirley's ("Shirley") claim for Social Security Disability benefits. (DN 17). Shirley objects to these findings. (DN 18). Because the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence, the objections are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Recommendations.

## I.      BACKGROUND

This action arises from the ALJ's denial of Plaintiff Shirley's Social Security disability insurance benefits. (Compl. ¶ 4, DN 2). Shirley was injured in a car accident in 1996 and underwent invasive surgery which resulted in recurring back pain. (Administrative R. 33-34, DN 9 [hereinafter R.]). She claims a significant spinal injury as a result of this accident that prevents her from sitting for an extended period of time. (Findings of Fact, Conclusions of Law and Recommendation 2, DN 17 [hereinafter R & R]). Shirley applied for benefits on July 9, 2010, alleging a disability beginning October 17, 2009. (R. 16). Shirley claims her injury prevents her from maintaining a job in the national economy and therefore she is entitled to benefits. (R & R 2). Her past relevant work includes that of a title clerk, account payable clerk, stocker, and a

cleaner. (R. 633). Shirley has obtained a high school education and attended college into her junior year. (R. 633). Shirley has not held gainful employment since 2009, yet has participated in classes at Western Kentucky University. (R. 19, 57).

Shirley's claim was denied by the ALJ on June 25, 2012. The ALJ noted that Shirley lived a "very active lifestyle" and was successful in her courses at Western Kentucky University. (R. 21-22). The ALJ found that Shirley had the Residual Functional Capacity ("RFC") to perform sedentary work and concluded she could work in any position that allowed her to get up from her work station every thirty-five minutes to an hour. (R. 21-22). Shirley's request for review of the ALJ's decision was denied by the Appeals Council on March 21, 2013. (R. 783). Shirley filed a complaint against the commissioner of social security on March 13, 2013, in an earlier action. (R & R 1).

This Court remanded the ALJ's denial of Shirley's claim for clarification of a perceived inconsistency between the ALJ's findings and the testimony of a vocational expert on March 18, 2014.[1] (R & R 1 (citing *Shirley v. Comm'r of Soc. Sec.*, No. 1:13-CV-00058-TBR, 2014 WL 1048495, *1-2 (W.D. Ky. Mar. 18, 2014)). The ALJ denied the claim for a second time on October 24, 2014 finding that Shirley has the RFC to perform a significant number of jobs in the national economy that allowed her to move from her workstation between every thirty-five minutes to an hour. (R. 633-34). Therefore, the ALJ found Shirley was not disabled and not entitled to benefits. (R. 633-34). The ALJ's decision became final on December 23, 2014. (Compl. ¶ 5). Shirley chose to file this action as opposed to filing Exceptions with the Appeals

---

[1] In the present action, the Magistrate Judge has found "no logical inconsistency" between the testimony of one vocational expert stating there are jobs in the national economy that allow employees to change position every thirty-five minutes to an hour and another stating Shirley's past relevant work may not be among those jobs. (R & R 2). Shirley does not object to this finding in her Objections. (*See* Pl.'s Objs.)

Council. (Compl. ¶ 5). As a result, Shirley commenced this action against the Commissioner of Social Security on February 19, 2015. (Compl.).

The Magistrate Judge reviewed the ALJ's decision and issued Findings of Fact, Conclusions of Law and Recommendation which affirmed the ALJ's decision on August 27, 2015. (R & R). The Magistrate Judge found that the ALJ made the determination that Shirley could sit "35 minutes to hourly" and therefore was not disabled based on substantial evidence. (R & R 3). Shirley filed Objections to the R & R on September 17, 2015, claiming the ALJ improperly misstated a testifying physician's opinion as a "non-disabling opinion" rather than a "disabling opinion." (Pl.'s Objs.). The Commissioner filed its Response to Objections to Magistrate's Report and Recommendations on September 30, 2015. (Def.'s Resp. to Objs. to Magistrate's R & R, DN 19 [hereinafter Def.'s Resp.]).

## II.      JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

## III.      STANDARD OF REVIEW

Social security cases may receive different levels of review in federal district courts. The Federal Magistrates Act allows district judges to designate magistrate judges to issue "proposed findings of facts and recommendations for disposition." 28 U.S.C. 636(b)(1)(B). The magistrate judge then files a recommendation, to which each party may object within fourteen days. Those parts of the report to which objections are raised are reviewed by the district judge de novo. 28 U.S.C. 636(b)(1). This differs from the standard applied to the Commissioner of Social Security's decision. That decision, rendered by an ALJ, is reviewed to determine "whether it is

supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted).

Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (citations omitted). Where substantial evidence supports the ALJ's decision, a Court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The Court should not attempt to resolve conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## IV.   <u>DISCUSSION</u>

Shirley's sole contention on judicial review focuses upon the ALJ's finding that her spinal injury requires the option to allow her physical activity outside of the work station from between every thirty-five minutes to an hour. (R & R 2 (citing R. 629)). Shirley argues the ALJ's decision was not supported by substantial evidence as the ALJ relied on the opinion of a medical expert, but did not strictly follow that opinion. (Pl.'s Objs. 3). Shirley's argument is unpersuasive because she assumes that the ALJ's determination of RFC must strictly adhere to the medical testimony. The Sixth Circuit has held granting such high deference to a physician's opinion is improper. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (holding such deference "would, in effect confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an

abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." (citation omitted)).

Shirley maintains that the ALJ acted improperly because the ALJ "misstates" the physician's opinion as a non-disabling opinion rather than a disabling opinion. (Pl.'s Objs. 3). Dr. Kenneth Cloninger testified that Shirley requires employment that allows her to "get up and walk around" and that she requires a "change of position from time to time." (R. 44). Dr. Cloninger was unable to determine how long Shirley could sit for a period of time, but determined the ideal work environment for persons with Shirley's condition would allow her to move "whenever she needed." (R. 44). Shirley claims the ALJ improperly misstated Dr. Cloninger's opinion to include a limited sit/stand duration of thirty-five minutes to hourly. (Pl.'s Objs. 3). The Magistrate Judge properly found that the ALJ was within his discretion to make this determination. Such findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citing *Mullen*, 800 F.2d at 545)). "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) (citation omitted). This is the case here because there is a "zone of choice" within which the Commissioner may act without the fear of interference. *Mullen*, 800 F.2d 545 (citation omitted).

The Court agrees with the Magistrate Judge that the ALJ acted properly within this zone of choice. *Id.* Shirley is incorrect that the testifying physician's opinion was necessarily disabling and that the ALJ misstated this opinion as non-disabling. (Pl.'s Objs. 3). Dr. Cloninger testified that Shirley required time to "change position from time to time." (R. 44). The ALJ used his

discretion based on evidence in the record to set that time from every thirty-five minutes to an hour. (R. 632). Shirley argues that Dr. Cloninger's testimony was a disabling opinion because Dr. Cloninger noted the ideal employment situation would allow Shirley time to move "as needed." (R. 44). On the other hand, Dr. Cloninger also stated he could not determine from Shirley's records how long Shirley could sit. (R. 44).

Shirley claims the ALJ's decision that Shirley could sit thirty-five minutes to hourly is supported by "no evidence." (Pl.'s Resp. 4). This argument is misguided. The ALJ properly relied upon evidence from Shirley's lifestyle after her claimed disability began to find that she could sit from thirty-five minutes to an hour. Evidence was presented indicating Shirley could make ten-minute drives to church and forty-five minute drives to school after her disability began. (R. 56-57). Further, evidence was presented that Shirley was able to sit for an hour and twenty minutes, twice a week, for college courses. (R. 858). Thus, the record reflects that Shirley was able to sit for periods of ten, forty-five, and eighty minutes at a time after the date her claimed disability began in 2009. (R. 56-57; 858).

Contrary to Shirley's argument, the ALJ was presented with physician testimony that Shirley may require the sit/stand option at work for an unclear duration and used evidence from Shirley's lifestyle to determine that duration was between thirty-five minutes to an hour. (R. 44, R. 56-57, 866). This duration was established by substantial evidence as the evidence presented demonstrated that Shirley has been capable of sitting from anywhere from ten minutes to one-hour and twenty minutes after the date her disability began. (R. 56-57, 858). Further, the evidence suggests she was capable of sitting for forty-five minutes when she traveled to classes at Western Kentucky University. (R. 57). Therefore, the record supports the ALJ's finding that Shirley could sit for between thirty-five minutes to an hour. Finally, the vocational expert

determined that there were significant numbers of jobs in the national economy for persons with such a sit/stand requirement. (R. 634).

The ALJ also gave weight to physician testimony that indicated Shirley was fully capable of light work and without a recommendation of the sit/stand option. (R. 632). Dr. Andrew Harston testified that Shirley could work jobs which did not require lifting more than twenty pounds or prolonged ambulation. (R. 1305). Dr. James Ramsey found Shirley had only limited postural limitations and could sit for 6 hours with normal breaks in an 8 hour workday. (R. 121-22). Neither recommended a sit/stand option. Thus, it's the determination that Shirley was not disabled was supported by substantial evidence.

The Court finds this determination by the ALJ is reasonably supported by substantial evidence and therefore must overrule Shirley's objections. Further, the extent to which Shirley can point to contradictory testimony which may support another conclusion is unpersuasive. Shirley claims other medical experts indicated Shirley could not sit any longer than thirty minutes. (Compl. 2). The existence of evidence that may support a contradictory conclusion, however, is not sufficient for reversal so long as the ALJ's ruling was supported by substantial evidence. *Mullen*, 800 F.2d at 545. The Court declines to reverse the ALJ's ruling based on contradictory evidence, as the ALJ reasonably formed his ruling from Dr. Cloninger's testimony and evidence from Shirley's lifestyle.

The ALJ acted within his discretion as a fact finder to determine Shirley's RFC based on the totality of the evidence and this Court declines to disturb the ALJ's assessment without a "compelling reason." *See Smith* v. *Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (citation omitted). Shirley has failed to show such compelling evidence in her Objections. (Pl.'s Objs.) While a reasonable mind might come to a different conclusion, the Court must give deference to the

ALJ's conclusion based on substantial evidence. *See Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997).

Thus, the Court overrules Shirley's Objections and adopts the Magistrate's Recommendations.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 17) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Shirley's Objections (DN 18) are **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**
November 4, 2015

cc:    counsel of record